IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROY LEEDALE COLLINS                                                    PLAINTIFF

v.                                    Civil No. 5:21-cv-05037

SHERIFF TIM HELDER, Washington County, Arkansas;
SERGEANT BRIAN ATCHLEY; SERGEANT JOHN
PATRICK BYRD; LIEUTENANT AMANDA ARNOLD;
CORPORAL BOMAN; and DEPUTY GLASS                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Roy Leedale Collins filed this 42 U.S.C. § 1983 action *pro se* on February 25, 2021. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). On March 11, 2021, Plaintiff filed an Amended Complaint. (ECF No. 6). Before the Court is Plaintiff's failure to keep the Court informed of his current address. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

On July 23, 2021, Defendants filed a Motion to Dismiss based on Plaintiff's failure to inform the Court of a change in his address. (ECF No. 16). On July 26, 2021, the Court entered an order directing Plaintiff to file a response to the motion by August 16, 2021, or the case would be dismissed. (ECF No. 17). On August 5, 2021, the Court's order was returned as undeliverable. (ECF No. 18).

On August 12, 2021, Plaintiff notified the Court of a change of address indicating he had been released from custody and was residing at 4800 Springer Blvd., Little Rock, Arkansas 72206. (ECF No. 19). Then, on September 13, 2021, mail sent to Plaintiff at his new address was returned

as undeliverable marked "RETURN TO SENDER ATTEMPTED – NOT KNOWN UNABLE TO FORWARD".  (ECF No. 21).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order".  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Amended Complaint (ECF No. 6) in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 13th day of October 2021.

/s/ *Christy Comstock*
_____
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE